**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4646**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAIME L. THOMPKINS, a/k/a Jaima L. Thompkins,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:09-cr-00251-HEH-2)

Submitted:  December 21, 2010        Decided:  January 20, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Elizabeth S. Wilson, Paul G. Gill, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaime L. Thompkins appeals her conviction and ten-day sentence for one count of possession of a firearm by an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3) (2006).

Though Thompkins pled guilty pursuant to a plea agreement, she expressly reserved the right to appeal the denial of her motion to suppress certain incriminating statements made to police after they searched her home and found illegal drugs in her purse. She does not allege that she was not read her Miranda[1] rights, or that the confession was otherwise involuntary. Rather, she claims that while police executed the search warrant of her home, she was illegally detained and her statements should have been suppressed as fruits of the illegal detention.

In reviewing the district court's ruling on a motion to suppress, we review the district court's factual findings for clear error, and its legal determinations de novo. United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008). The facts are reviewed in the light most favorable to the prevailing party below. United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007).

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Police obtained a search warrant for the home shared by Thompkins and her boyfriend, James Mayo, after a confidential informant conducted several controlled purchases of marijuana from Mayo out of the home. Prior to executing the warrant, police stopped Thompkins and Mayo in their car several miles from their home, placed them in handcuffs, and drove them in a police car to another location while they conducted the search of the house. At the time police initiated the stop, Mayo had just sold marijuana to the confidential informant in the bathroom of a McDonald's restaurant, though the record is unclear whether Thompkins was aware of or a participant in that transaction.[2]

After police discovered contraband during their search of the home, they called the officers detaining Thompkins and Mayo and instructed the officers to place Thompkins and Mayo under arrest. The couple were brought to their house and questioned. After the police read Thompkins her <u>Miranda</u> rights, Thompkins indicated she understood her rights and informed police that she possessed and used marijuana on a daily basis, but denied any involvement in drug distribution.

---

[2] The record is also unclear whether police knew of the transaction at the time they stopped Thompkins and Mayo in their car.

3

Thompkins moved to dismiss the statements as fruits of an allegedly illegal seizure. She argued that the police arrested her without probable cause and that the police exceeded their authority when they detained her during the search of her home.

The district court concluded that Thompkins was an accessory to the drug transaction at the McDonald's, and that probable cause existed at that time to arrest her. Moreover, even if the police lacked probable cause at that time, and even if the police illegally detained Thompkins while they searched her home, probable cause existed to place her under arrest when they found contraband in her purse. Thus, the court reasoned that Thompkins's arrest was valid, and that the valid arrest attenuated any alleged taint in the evidence that may have been caused by the illegal detention. The court accordingly denied Thompkins's motion to suppress the incriminating statements.

On appeal, Thompkins argues that the police lacked probable cause to arrest her because there was insufficient evidence that she was an accessory to the drug transaction at the McDonald's, that the police exceeded their authority by detaining her at another location while police searched her home, and that her confession should have been suppressed as fruit of her illegal detention. We do not agree.

Because we conclude that Thompkins's confession was sufficiently attenuated from any alleged illegal seizure, we need not address the question of whether probable cause existed to arrest Thompkins at the time she was stopped by the police, or the issue of whether the police acted improperly in detaining her away from her home during the execution of the warrant.

The Supreme Court has held that evidence obtained after an illegal arrest or seizure must be suppressed as fruit of the illegal detention. See Hayes v. Florida, 470 U.S. 811 (1985). Thompkins's statements are still admissible, however, if the connection between the illegal arrest and the discovery of challenged evidence was sufficiently attenuated as a result of an investigation independent of the unlawful arrest. See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963) ("We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether granting establishment of the primary illegality the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'").

Here, when police discovered contraband in Thompkins's purse, that discovery was not linked to her allegedly illegal

5

detention. The police acted on a valid warrant, and there is no evidence in the record that had Thompkins not been in custody, the police would not have found the marijuana that prompted her confession. We agree with the district court's conclusion that Thompkins's subsequent arrest, supported by probable cause, purged any taint that may have been caused by the allegedly illegal detention. See United States v. Edwards 103 F.3d 90 (10th Cir. 1996) ("the relevant inquiry in determining whether the taint of an illegal arrest is purged by a subsequent legal arrest is whether the evidence obtained following the legal arrest was discovered through any exploitation of the initial illegal arrest."). Because the police did not exploit Thompkins's allegedly illegal seizure to obtain the evidence that ultimately gave them probable cause to arrest her, we conclude that the court did not err in denying the motion to suppress the statements.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED